**No. 50802.**—Protests 24625–K, etc., of S. L. Jones & Co., Inc., et al. (Los Angeles).

KEEFE, Judge: The question involved here concerns the classification of certain iron drums imported as containers of various oils. Some of these drums were admitted free of duty under paragraph 1615, Tariff Act of 1930, or under said paragraph as amended by the Customs Administrative Act of 1938. Some were assessed for duty at 25 percent ad valorem under paragraph 328 as cylindrical iron or steel vessels and others were assessed with a duty of 24 cents each, such assessment being made to compensate the Government for drawback refunded upon the exportation thereof. This action involves solely the drums upon which an assessment of 24 cents each was made.

The chief liquidator at Los Angeles was the only witness. His testimony on behalf of the plaintiffs was based upon an inspection of the invoice and entry papers in each case, and concerned the action taken by the customs inspectors and the liquidators under his supervision. He testified that the drums, not bearing any marks of American manufacture, were assessed at 25 percent ad valorem. The drums admitted free of duty under paragraph 1615 were so classified because they bore embossed marks of American manufacturers. In addition, there were filed the certificates of identity required in connection with returned American goods, the certificates of exportation being either filed or waived by the collector. That among the marks of manufacturers of American drums reported by the customs inspectors, there were some representing manufacturers who were entitled to export drums with the benefit of drawback under section 313, and as to such drums an assessment of 24 cents each was made.

The witness further testified that the notation appearing upon all of these entries, reading: "Regulation evidence of exportation waived. No drawback," applied only to such drums as were admitted free of duty as American goods returned and was not intended and did not apply to drums exported with benefit of drawback; that notations, such as in entry 5025, with protest 24625-K, specifying that there was no drawback paid upon 145 of the 150 drums imported, where the entry shows that 63 drums were admitted free of duty, 6 were assessed at 25 percent ad valorem, and 81 were assessed at 24 cents each, were not in accordance with the facts; that actually only 63 of the drums were to be regarded as not subject to drawback; that the error occurred because two liquidators worked upon the entry and the last one liquidating failed to change the notation, as applying to 145 drums, made by the first liquidator, to read "63 drums"; and that erroneous notations upon the remaining entries were made under similar circumstances.

The witness further testified that where free entry under paragraph 1615 is claimed, the importer at the time of entry gives a bond for the production of a certificate of previous exportation; that the importer is required to produce such certificate in order to receive his goods without the payment of duty under paragraph 1615, unless the collector waives the production thereof; that if there is no waiver, and the importer fails to furnish such certificate, duty is assessed as though the goods were of foreign manufacture, except that, if such articles were previously exported with benefit of drawback, the rate assessed is in an amount equivalent to the drawback of duties refunded upon such previous exportation.

To reap the benefits of exemption from duty under paragraph 1615, it would be necessary to comply with all of the mandatory regulations, including the production of the certificates of exportation, unless the production thereof were waived by the collector, and that would be true even though the plaintiffs had fully established before the court that no drawback had been paid upon exportation of the drums in question.

A careful consideration of the evidence fails to disclose that the American drums assessed at 24 cents each had been exported without the benefit of drawback. The Government chief liquidator's testimony on behalf of the plaintiffs establishes that there was no waiver of record evidence of exportation and further that the notations appearing on the entries, as to waiving the production thereof, were unreliable as a guide. This court is precluded from holding the drums entitled to free entry under paragraph 1615 because the regulations, being mandatory, were not complied with.

In *Swift* v. *United States*, Abstract 46558, relied upon by the plaintiffs, this court found the evidence sufficient to support the importer's contention that free entry should be accorded the drums there in question. The entry regulations as to the drums in that case had been complied with, and the court accepted as a fact the collector's notation upon the entry papers that no drawback had been

paid. Had the evidence in that case been of the same character as the evidence now before us, we would have reached a different conclusion therein.

For the reasons stated, judgment will be entered in favor of the Government.